**GEARINGER LAW GROUP**
825 VAN NESS AVENUE, 4TH FLOOR
SAN FRANCISCO, CALIFORNIA 94109-7847
(415) 440-3102

*E-Filed 10/1/09*

BRIAN GEARINGER (State Bar #146125)
R. STEPHEN M. LAROE (State Bar #245269)

JAI M. GOHEL, CA SBN. 170782
Attorney at Law
819 Eddy Street
San Francisco, California 94109
Telephone: (415) 771-6174
Facsimile: (415) 474-3748
Email: jaigohel@rocketmail.com

Attorneys for Plaintiff INSOOK KIM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| INSOOK KIM, individually and as Successor in Interest for AZIZ R. JAMES, decedent,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SANTA CLARA, SCOTT FITZGERALD, TROY JOHNSON and DOES 1 to 50, included.<br><br>Defendants. | Case No. CV09-0025 RS<br><br>**STIPULATION TO ALLOW PLAINTIFF INSOOK KIM TO FILE A FIRST AMENDED COMPLAINT; [PROPOSED] ORDER**<br>[F.R.C.P. 15(a); Civ. L.R. 10-1]<br><br>Hon. Richard Seeborg, Presiding |

    Plaintiff Insook Kim ("Plaintiff"), Defendants City of Santa Clara, Scott Fitzgerald, and Troy Johnson (collectively "Defendants") stipulate as follows:

    Pursuant to Federal Rule of Civil Procedure 15(a), which provides in pertinent part: "[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party", Plaintiff and Defendants stipulate and request leave of court to allow Plaintiff to file a First Amended Complaint, a copy of which is attached as Exhibit A.

    ///

**THE PARTIES SO STIPULATE AND REQUEST THAT THE COURT PERMIT PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT**

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: September 25, 2009      McNamara, Dodge, Ney, Beatty, Slattery, Pfalzer, Borges & Brothers LLP

By: /s/ James V. Fitzgerald
    JAMES V. FITZGERALD, III
    Attorneys for Defendants
    CITY OF SANTA CLARA; SCOTT FITZGERALD and TROY JOHNSON

Dated: September 25, 2009      GEARINGER LAW GROUP

By: /s/ Brian Gearinger
    BRIAN GEARINGER
    Attorneys for Plaintiff
    INSOOK KIM

Dated: September 25, 2009      LAW OFFICE OF JAI M. GOHEL

By: /s/ Jai M. Gohel
    JAI M. GOHEL
    Attorneys for Plaintiff
    INSOOK KIM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSOOK KIM, individually and as Successor in Interest for AZIZ R. JAMES, decedent,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SANTA CLARA, SCOTT FITZGERALD, TROY JOHNSON and DOES 1 to 50, included.<br><br>Defendants. | Case No. CV09-0025 RS<br><br>[PROPOSED] ORDER GRANTING STIPULATED REQUEST TO ALLOW PLAINTIFF INSOOK KIM TO FILE A FIRST AMENDED COMPLAINT<br><br>Hon. Richard Seeborg, Presiding |

The Court having reviewed the parties' stipulation requesting leave of court to allow Insook Kim ("Plaintiff") to file a First Amended Complaint, a copy which is attached as Exhibit A to the Stipulation, and having found good cause shown, IT IS ORDERED as follows:

Plaintiff is permitted to file the First Amended Complaint.

IT IS SO ORDERED.

Dated: ~~September~~ ___, 2009
October 1

By: /s/ Richard Seeborg
Hon. Richard Seeborg
United States District Court Magistrate Judge

# EXHIBIT A

**GEARINGER LAW GROUP**
825 VAN NESS AVENUE, 4TH FLOOR
SAN FRANCISCO, CALIFORNIA 94109-7847
(415) 440-3102

BRIAN GEARINGER (State Bar #146125)
R. STEPHEN M. LAROE (State Bar #245269)

JAI M. GOHEL, CA SBN. 170782
Attorney at Law
819 Eddy Street
San Francisco, California 94109
Telephone:  (415) 771-6174
Facsimile:   (415) 474-3748
Email: jaigohel@rocketmail.com

Attorneys for Plaintiff INSOOK KIM

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSOOK KIM, individually and as Successor in Interest for AZIZ R. JAMES, decedent,<br><br>Plaintiff,<br>v.<br><br>CITY OF SANTA CLARA, SCOTT FITZGERALD, TROY JOHNSON and DOES 1 to 50, included.<br><br>Defendants. | Case No. C 09-00025 RS<br><br>**PLAINTIFF INSOOK KIM'S FIRST AMENDED COMPLAINT FOR DAMAGES, FOR VIOLATIONS OF CIVIL RIGHTS AND OTHER WRONGS**<br><br>**JURY TRIAL DEMANDED**<br><br>Date Action Filed:   January 6, 2009<br>Trial Date:             **July 19, 2010** |

Plaintiff Insook Kim, individually and Successor in Interest for Aziz R. James ("James"), decedent ("Plaintiff") complains and alleges as follows:

## I.   JURISDICTION AND VENUE

1.   The Court has jurisdiction to grant the relief requested herein pursuant to the Civil Rights Acts, 42 U.S.C. §1983, *et seq*, the Judicial Code, 28 U.S.C. §§1331, 1343 and 2201, the constitutions of the United States and State of California, Cal. Govt. Code §815.2, and California common law.

///

2. Venue in this Court is proper because the acts complained of occurred in the Northern District of California, and all parties live, work or are situated in Santa Clara County, California, or nearby.

3. On October 2, 2008, pursuant to Cal. Government Code, § 910, plaintiff filed a claim for damages against the City of Santa Clara. The City of Santa Clara did not reject or accept the claim within 45 days of said filing, and it is therefore deemed rejected.

## II.   INTRADISTRICT ASSIGNMENT

4. Intradistrict assignment to the San Jose division is appropriate pursuant to Civil L.R. 3-2(c) because "a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated" occurred in Santa Clara County.

## III.   PARTIES.

5. Plaintiff is the mother of Aziz R. James, who is deceased. Aziz James had no spouse or children. Insook Kim brings this action as the heir of the decedent and as Successor in Interest of the decedent.

6. Defendant City of Santa Clara ("Santa Clara") is a municipal entity, for unknown, operating as a municipal entity under the Laws of the State of California.

7. Defendant Scott Fitzgerald ("Fitzgerald"), at all times mentioned herein, is a sworn police officer, employed by Defendant City of Santa Clara.

8. Defendant Troy Johnson ("Johnson"), at all times mentioned herein, is a sworn police officer, employed by Defendant City of Santa Clara.

9. Defendant Gary Hosman ("Hosman"), at all times mentioned herein, is a sworn police officer, employed by Defendant City of Santa Clara.

10. Does 1 through 50 are City of Santa Clara police officers (whether line officers or supervisors), or other officials or policymakers, whose identities are unknown at the present time. All references herein to "defendants", collectively, include these Doe defendants. Plaintiffs will move to substitute their true names after they become known.

///

Case 5:09-cv-00025-RS Document 20 Filed 10/01/09 Page 7 of 13

11. The individual defendants, including all individual Doe defendants, carried out the actions complained of in their individual capacities, under color of state law, in the course and scope of their employment as employees of their respective law enforcement agencies. Santa Clara is obligated, under Cal. Government Code, §§815.2 and 825(a), to pay any compensatory damages awarded against the individual defendants. Nevertheless, the defendants are jointly and severally liable for any damage awards.

## IV. FACTUAL ALLEGATIONS

12. At approximately 6:00 a.m. on April 5, 2008, Plaintiff's son, Aziz R. James, was shot and killed by multiple gunshot wounds inflicted by Santa Clara Police Officers Scott Fitzgerald and/or Troy Johnson at or near 2455 Crystal Drive, Santa Clara, California. The shooting occurred after Aziz James had entered a residence without permission and isolated himself within a room in the home.

13. At all relevant times, Hosman was a sergeant with the Santa Clara Police Department. Hosman was the on-duty patrol sergeant at the time the Santa Clara Police Department responded to the scene and was the supervisor of all members of the Santa Clara Police Department through the time that Fitzgerald and Johnson shot and killed James. As the supervisor, Hosman was responsible for all decisions made by the Santa Clara Police Department in responding to James and all actions taken by all members of the Santa Clara Police Department including shooting James eight times.

14. After the police were called to the scene, friends and family members attempted to speak with the officers to provide information regarding the events that led to the incident, including the fact that Mr. James was extremely fearful of dogs, and was apparently suffering from some form of temporary mental incapacitation or emotional disturbance.

15. After establishing visual contact with James through a window and limited attempts to communicate with him, Hosman decided to breach the room in which James was sitting rather than waiting for the situation to end peacefully. As a result, Fitzgerald and Johnson entered the home with a police K-9, knowing that Mr. James was suffering from temporary mental incapacitation, and these actions by the officers unnecessarily caused the deadly shooting.

PLAINTIFF'S FIRST AMENDED COMPLAINT/JURY TRIAL DEMANDED    3    U.S. DISTRICT COURT, CASE NO. C 09-00025 RS

16. At the time, Mr. James did not pose a threat to anyone within the home, as all occupants had left the residence, and Mr. James had no way of exiting because officers from the Santa Clara Police Department and officers from the Sunnyvale Department of Public Safety had established multiple perimeters both inside of and outside of the home.

17. Hosman, Fitzgerald and Johnson chose this objectively unreasonable course of action without having emergency medical personnel and capabilities present at the time of their entry into the home, despite the near certainty that their entry with a police K-9 would result in serious injury or death to Mr. James.

## V. STATEMENT OF DAMAGES

18. As a result of the acts and/or omissions of the defendants, Plaintiff suffered the loss of the familial association of the decedent, including society, comfort, and affection, in amounts to be determined according to proof.

19. As a result of the acts and/or omissions of the defendants, Plaintiff suffered the loss of the services and economic support of the decedent in amounts to be determined according to proof.

20. As a result of the acts and/or omissions of the defendants, Plaintiff incurred expenses for the funeral and burial of the decedent in amounts to be determined according to proof.

21. The acts and/or omissions of the defendants, were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the constitutional rights of the decedent. Plaintiff therefore will seek damages for an award of punitive and exemplary damages according to proof.

22. Plaintiff retained private counsel to represent them in this matter and are entitled to an award of attorneys' fees.

## VI. PLAINTIFFS' CLAIMS

All claims for relief incorporate all of the aforementioned facts and claims herein.

///

///

## FIRST CLAIM FOR RELIEF
### Unlawful and Excessive Force
### 42 U.S.C. §§1983, 1986; Fourth Amendment to the U.S. Constitution
### (All Defendants)

23. The above-described shooting and use of lethal force by defendants Hosman, Fitzgerald and Johnson against James punished him summarily with violence and extinguished his young life, was without purpose or justification in law, objectively unreasonable, unnecessary and excessive, not privileged in any way or protected by qualified immunity, in violation of the Fourth Amendment.

24. Plaintiff, as the survivor in interest of decedent is entitled to judgment against the individual defendants who used or aided in the use of the excessive force – and other officers who failed and refused in their duty to intervene to protect innocent persons from lawless police violence.

25. Defendant Santa Clara is liable for this cause of action because the actions of the individual defendant officers (1) was caused by customs or policies of the Santa Clara Police Department; (2) was caused by inadequate training, supervision, and/or discipline of officers by the Santa Clara Police Department; (3) was caused by deliberate indifference of the Santa Clara Police Department; and/or (4) was ratified by final decision-makers of the Santa Clara Police Department.

## SECOND CLAIM FOR RELIEF
### Failure to Provide/Denial of Medical Treatment
### 42 U.S.C. § 1983, Fourteenth Amendment to the U.S. Constitution
### (All Defendants)

26. Defendants Hosman, Fitzgerald and Johnson used lethal police force as described above, to kill James, when these officers could observe and had information that James was suffering from some form of medical emergency, including actual and specific notice of his serious medical condition, to wit, temporary mental disturbance and incapacitation.

27. Defendants Hosman, Fitzgerald and Johnson unreasonably failed to provide adequate and reasonable medical care when they did not have emergency medical care available prior to the officers entry into the residence in which decedent was isolated.

28.    Defendants Hosman, Fitzgerald and Johnson further exacerbated decedent's medical emergency by entering in to the residence where he was isolated using a dog, and then shooting and killing him.

29.    Defendant Santa Clara is liable for this cause of action because the actions of the individual defendant officers (1) was caused by customs or policies of the Santa Clara Police Department; (2) was caused by inadequate training, supervision, and/or discipline of officers by the Santa Clara Police Department; (3) was caused by deliberate indifference of the Santa Clara Police Department; and/or (4) was ratified by final decision-makers of the Santa Clara Police Department.

### THIRD CLAIM FOR RELIEF
**Unconstitutional Policy and Practice (*Monell-Adickes*)**
**42 U.S.C. § 1983, First, Fourth & Fourteenth Amendments**
**(City of Santa Clara)**

30.    The violations complained of in Plaintiff's First and Second Claims for Relief, above, were caused in part by an illicit, tacit, unconstitutional policy and/or practice of discrimination against persons with medical disabilities and emotional disturbance, and/or the failure to train, supervise or discipline officers who confronted persons with medical disabilities and emotional disturbance.

31.    This conduct, as described above, on the part of the City of Santa Clara and its police department and numerous police officers and other officials, within the rules of the U.S. Supreme Court set down in the *Monell* and *Adickes* decisions, making the City of Santa Clara jointly and severally liable with the individual defendants for the injuries, deprivations and losses sustained by plaintiff.

### FOURTH CLAIM FOR RELIEF
**42 U.S.C. § 1983, Fourteenth Amendment**
**Deprivation of Familial Relationship**
**(Against all Defendants)**

32.    By and through the acts and omissions alleged herein, Defendants, and each of them, deprived Plaintiff of the familial relationship with her son thereby violating said Plaintiff's rights under the First and/or Fourteenth Amendments of the United States Constitution.

## FIFTH CLAIM FOR RELIEF
### Negligence
### (All Defendants)

33. The acts by Defendants Hosman, Fitzgerald and Johnson, by entering in to the residence with a police K-9 followed immediately by use of lethal force, when James was isolated and clearly suffering from a form of mental incapacitation and disturbance, was not reasonable under the circumstances, and fell below the standard of care of other reasonable officers or individuals confronted with similar circumstances.

34. This failure to exercise reasonable and due care caused injuries and damages to Plaintiff as the successor in interest to decedent Aziz James.

## SIXTH CLAIM FOR RELIEF
### Cal. Constitution, Art. I, §§ 1 and 13; Cal. Civil Code §§ 1708 and 3333; Cal. Cal. Gov't Code §§ 815.2 and 815.6 and California Common Law
### (City of Santa Clara)

35. Defendant Santa Clara is liable as a municipal entity for breaching mandatory duties to investigate, punish, and prevent police misconduct, and to protect people from excessive force, which proximately caused plaintiff's injuries herein, per Cal. Government Code § 815.6.

36. The City of Santa Clara is further liable in *respondeat superior* for excessive force, committed by the individual defendant officers, in the course and scope of their employment, per Gov't Code § 815.2.

///
///
///
///
///
///
///
///

# **PRAYER**

1. For compensatory damages and other special damages according to proof;
2. For general damages according to proof;
3. For punitive damages against the individual Defendants according to proof;
4. For prejudgment interest at the legal rate according to proof;
5. For costs and attorney's fees; and
6. For such other relief as the Court may deem proper.

Dated: September 25, 2009

GEARINGER LAW GROUP


By:_____
BRIAN GEARINGER
R. STEPHEN M. LAROE
Attorneys for Plaintiff INSOOK KIM

## DEMAND FOR JURY TRIAL

Plaintiff Insook Kim demands trial by jury in this action.

Dated: September 25, 2009

GEARINGER LAW GROUP


By:_____
BRIAN GEARINGER
R. STEPHEN M. LAROE
Attorneys for Plaintiff INSOOK KIM