*E-Filed 11/19/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

INSOOK KIM,

    Plaintiff,

  v.

CITY OF SANTA CLARA, et al.,

    Defendants.
_____/

**No. C 09-0025 RS**

**ORDER RE MOTION TO COMPEL**

## I. INTRODUCTION

On April 5, 2008, Aziz R. James was shot and killed by two Santa Clara police officers. Plaintiff Insook Kim, James's mother, brings this action under 42 U.S.C. § 1983, contending that the officers' use of deadly force was not justified. Defendants now move to compel Kim to provide further responses to certain contention interrogatories, and to amend her initial disclosures and her response to two interrogatories to provide additional information regarding the witnesses she has identified therein. Because Kim's contention interrogatory responses are adequate given the nature of the interrogatories and the posture of this case, that portion of the motion to compel will be denied, without prejudice, as described below. Kim will be required, however, to provide certain additional information in connection with her identification of witnesses.

## II.  BACKGROUND

The complaint alleges that the shooting occurred "after Aziz James had entered a residence an isolated himself within a room in the home."  After police arrived on the scene, "friends and family members" attempted to advise the officers that James "was extremely fearful of dogs, and was apparently suffering from some form of temporary mental incapacitation or emotional disturbance."   The complaint asserts that after only "limited attempts to establish communication" with James, Officers Scott Fitzgerald and Troy Johnson entered the home with a police dog, thereby "unnecessarily" leading to the shooting.   The complaint further faults defendants for taking action without emergency medical personnel present, when James "did not pose a threat to anyone in the home, as all occupants had left the residence" and James "had no way of exiting."

Defendants' motion provides additional factual detail, albeit without citations to any evidence.  Defendants claim that police were first dispatched after James had threatened one person with a knife and stabbed another in a house nearby, before jumping out through a glass window.  James then smashed through another glass window to enter the house where the police found him, and ran towards its inhabitants, knife in hand, "forcing them to flee for their lives."  A friend followed James in an attempt to subdue him, but was also stabbed.  James then locked himself in a bedroom.

When police arrived, they were informed of the stabbings and that James was armed.  Defendants claim Officer Fitzgerald spent 15-20 minutes attempting to communicate with James, "to no avail."  Rubber baton "Sage rounds" were fired at James through the bedroom window, but appeared to have no effect.  Officers then rammed the bedroom door and released the police dog.  James attacked the dog, then turned and raised his knife towards Officers Fitzgerald and Johnson.  Both officers fired several rounds at James, killing him.

II. DISCUSSION

A. <u>Meet and Confer</u>

A primary thrust of Kim's opposition is her contention that defendants failed to complete meet and confer negotiations before bringing this motion. It appears that while a more robust effort to exhaust the possibilities of resolving this matter would have been in order, defendants' efforts to do so were not so deficient as to warrant denying the motion solely on that basis. Particularly given that the parties' divergent views on the sufficiency of plaintiff's responses appear to arise from differences in positions not easily reconciled, the Court will reach the merits. The parties are directed, however, to ensure that they have fully-exhausted the meet and confer process before seeking Court intervention in any future discovery dispute.

B. <u>Contention interrogatories</u>

Defendants move to compel further responses to two interrogatories, each of which calls for plaintiff to "state all facts" upon which she based any denial of accompanying requests for admissions.[1] The requests for admission, in turn, ask Kim to admit (1) defendants are not liable to her, and; (2) the shooting of James was objectively reasonable within the meaning of *Graham v. Conner*, 490 U.S. 386 (1989). Having, not surprisingly, denied the requests for admission, Kim objects to being asked to state "all facts," citing *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316 (D. Kansas 1998) for the proposition that she should not have to engage in "laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details." Kim nevertheless responds to the interrogatories by stating in essence that: (1) each individual defendant shot James, wounding and/or killing him, and; (2) the use of force was unreasonable, given that James "was surrounded by three perimeters of police officers, there was no immediate danger to any persons presented by Mr. James, and there was no objectively reasonable basis to send in a dog and an assault team."

---

[1] The City of Santa Clara and the two individual defendants each served essentially identical discovery requests and plaintiff's responses to all were the same. Thus, technically, six contention interrogatories are at issue in this motion.

In moving to compel further responses, defendants insist they are not seeking "each and every" trivial fact, but instead complain that Kim has done nothing more than cite "key legal buzzwords." Defendants may be correct that it would have been possible for Kim to be more detailed in her description of the facts she presently believes support her claims without running afoul of the concern reflected in the *IBP* decision for avoiding overly-burdensome attention to the trivial. It is clear, however, that Kim's position in this litigation is ultimately going to be that under *all* the facts existing at the time of the incident and known to the officers, their conduct violated James's constitutional rights. It is also clear that Kim has no particular or special access to those facts. Under these circumstances, it would serve no purpose to require Kim to go through the police reports or other sources to summarize any more details of the circumstances of the incident.

Additionally, although Kim has not expressly interposed a timing objection, it would be premature to require more from her at this juncture. Assuming, without deciding, that as discovery closes, defendants could support a claimed need to obtain a more detailed recitation of the facts from Kim, there is no point in forcing her to go through such an analysis until discovery regarding the incident is complete or nearly so. See Fed.R.Civ.P. 33(a)(2) (authorizing court to order that a party need not answer a contention interrogatory until designated discovery is complete or at some later time); *In re Convergent Technologies Sec. Litig.*, 108 F.R.D. 328, 337-338 (N.D.Cal.1985) ("at least in cases where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kinds of questions, early in the pretrial period, is sufficiently likely to be productive to justify the burden that responding can entail.")

Accordingly, insofar as the motion seeks to compel further responses to Interrogatory Nos. 4 and 7, it is denied. This ruling is without prejudice to defendants' right to request that plaintiff supplement her responses to these interrogatories (and to move to compel at that point, if the supplemental responses are insufficient) at the conclusion of discovery. In such an event, plaintiff should bear in mind that although a requirement to state "all facts" does not require a listing of trivial or non-material matters, recounting the principal facts upon which plaintiff intends to rely at

4

trial is not *per se* unduly burdensome.  Conversely, defendants should recognize that it may be legitimate in a case of this nature for plaintiff's essential position to be that the officers acted unreasonably under *all* the circumstances, and thus asking for supplemental responses at the close of discovery may not serve any useful purpose.[2]

### C. Interrogatories re witnesses

Each set of interrogatory requests also contains two interrogatories requesting plaintiff to identify all persons with knowledge of the facts supporting her denial of the two requests for admission.  Kim responded with a lengthy list of names, apparently taken directly from her own and defendants' initial disclosures.   Although these are not contention interrogatories standing alone, they flow from such requests.  To the extent they might nonetheless be seen as proper at this stage in the litigation because they could lead to discovery of the facts, Kim's responses, while probably overinclusive, are sufficient, and no further response will be compelled.

### D. Initial Disclosure

Kim served a supplemental initial disclosure also containing the same lengthy list of names apparently taken from defendants' disclosures, but which did not include addresses, phone numbers, or state the subject matter of each witness's potential discoverable information.  Defendants acknowledge that Kim need not provide such information for the law enforcement personnel on the list, but argue that she must provide it with respect to any "lay" witnesses.  Although it appears from Kim's opposition that she and her family members have little independent information, it is appropriate to require her to serve a further initial disclosure in which she identifies contact

---

[2] It further appears that Kim intends to rely at least in part on the opinions of experts in formulating her final contentions as to how and why the conduct of the officers was not objectively reasonable.  Although there are limits as to the extent to which experts may testify at trial regarding matters that are legal conclusions or that invade the province of the jury, it likely is appropriate for Kim to incorporate the opinions of her experts in the contentions she will advance at trial.   For this additional reason even asking Kim to supplement her responses at the very close of fact discovery may be of limited value.

information for any listed witness who is not employed by defendants or other governmental agencies, as well as a brief description of that witness's discoverable information.

## IV. CONCLUSION

Plaintiff shall serve a further initial disclosure as set out above, within 20 days of the date of this order. The motion is otherwise denied, without prejudice.

IT IS SO ORDERED.

Dated:      11/19/09

　　　　　　　　　　　　　　　　RICHARD SEEBORG
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE