*E-Filed 03/31/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INSOOK KIM, individually and as Successor in Interest for AZIZ R. JAMES, Decedent,<br><br>Plaintiff,<br>v.<br><br>CITY OF SANTA CLARA; SCOTT FITZGERALD; TROY JOHNSON; and DOES 1 to 50, inclusive,<br><br>Defendants.<br>_____/ | No. C 09-00025 RS<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, VACATING DISPOSITIVE MOTION DEADLINE, AND SETTING FURTHER CASE MANAGEMENT CONFERENCE** |

Plaintiff Insook Kim filed her initial complaint in this Section 1983 action on January 6, 2009. After defendants City of Santa Clara, Scott Fitzgerald, and Troy Johnson had answered, the parties stipulated to the filing of a first amended complaint ("FAC"), which was approved on October 1, 2009. The FAC added Gary Hosman as an additional defendant. Kim now requests leave to file a second amended complaint ("SAC"), which would drop the fifth and sixth claims listed in the FAC, but add as defendants Lieutenant Phil Cooke and Captain Diana Bishop, both of

the Santa Clara Police Department. The existing defendants do not object to the dropping of claims five and six but do oppose the addition of Cooke and Bishop.

It is "contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 181-82 (1962) (internal quotation marks omitted). In this spirit, Federal Rule of Civil Procedure 15 provides that "leave to amend shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Ordinarily, in the Ninth Circuit, this Rule is construed with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam). The only exceptions to the liberal amendment policy occur when there is a specific showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.* (quoting *Foman*, 371 U.S. at 182). The Ninth Circuit has held that not all of the *Foman* factors merit equal weight. For example, undue delay is not enough, standing alone, to support denial of leave to amend, unless other factors also come into play. *Bowles*, 198 F.3d 752, 758 (1999). Prejudice, on the other hand, is the "touchstone" of Rule 15(a). *Eminence Capital*, 316 F.3d at 1051. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*

This case is already quite far along in the litigation process. The discovery period has now closed, and the deadline for filing dispositive motions is nearly here. Defendants' principal argument against amendment of the FAC is that Cooke and Bishop would be severely prejudiced if they were added at such a late date, with no opportunity for additional discovery and almost no chance to file a meaningful summary judgment motion. These concerns, however, pertain largely to matters of case management, which are within the Court's discretion. Any new defendants who are added this late in the case must, of course, be afforded the opportunity to mount a thorough defense,

1   and in order to facilitate this goal, adjustments to the existing deadlines (including, if necessary, the
2   July 19, 2010, trial date) must be considered.

3   Defendants also express concern that Cooke and Bishop have already been deposed and that
4   they "might have taken a different tack in defending their depositions" had they known they were
5   about to be added as parties.  As defendants concede, however, both officers were represented by
6   counsel at the time of the depositions.  Moreover, a deposition is by its nature a formal, adversarial
7   process, designed to put any deponent—not just a named defendant— on notice that her remarks
8   could have consequences.  Defendants' concerns on this score are therefore unpersuasive.

9   Finally, defendants' opposition addresses the alleged futility of adding Cooke and Bishop to
10  this lawsuit, contending that Kim is unable to state viable claims against them.  These arguments,
11  vehement though they be, go to the merits of the case, and should be addressed in the course of the
12  ordinary dispositive motions process rather than here.

13  Kim's motion for leave to amend is therefore granted.  Kim should file her SAC within three
14  days of the entry of this order.

15  The deadline for the hearing of dispositive motions, currently set for May 13, 2010, is
16  hereby vacated.  The parties shall appear for a telephonic supplemental case management
17  conference on **April 8, 2010 at 10:00 a.m.**  No later than April 5, 2010, they should contact Court
18  Conference at 866/582-6878 to arrange their telephone participation.  No joint case management
19  statement will be required, but the parties should be prepared to state their positions at the
20  conference on whether an additional discovery period is necessary and if so, how long the period
21  should be.  The other pending trial and pre-trial deadlines in the case will also be discussed.

23  IT IS SO ORDERED.

25  Dated: 03/31/2010

26  _____
    RICHARD SEEBORG
    UNITED STATES DISTRICT JUDGE

No. C 09-00025 RS
ORDER