**\*E-Filed 08/11/2010\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INSOOK KIM, et al., | **No. C 09-00025 RS** |
| Plaintiffs, | **ORDER PRECLUDING RECOVERY OF LITIGATION COSTS** |
| v. | |
| CITY OF SANTA CLARA, et al., | |
| Defendants. | |
| _____/ | |

### I.   INTRODUCTION & RELEVANT FACTS

This lawsuit arises from the death of plaintiff's son, Aziz James.  Members of the Police Department of the City of Santa Clara (who, along with the City of Santa Clara, comprise the defendants) shot and killed James.  James's mother, Insook Kim, filed an action on his behalf seeking relief for various alleged constitutional violations.  This Court granted summary judgment to defendants on all claims.  As the prevailing party, the defendants now seek costs in the amount of $11,598.14.  Kim does not contest the accuracy of the figure requested.  She reasons instead that, under the Ninth Circuit's analysis in *Association of Mexican-American Educators v. State of California*, this court should decline to award costs here.  231 F.3d 572, 592 (9th Cir. 2000). Specifically, Kim contends the case involved issues of substantial importance, the losing party has

extremely limited financial resources, there is great economic disparity between the plaintiff and the defendant, the issues in the case were close and difficult, and the imposition of high costs may have a "chilling effect" on future civil rights litigants of limited means.  In the alternative, Kim seeks a stay of any recovery of costs until resolution of her appeal pending before the Ninth Circuit. Defendants contend that this case does not merit atypical cost allocation in any form.

Kim works as a part-time manager and waitress at a small Chinese eatery in Santa Cruz, California.  She earns roughly $800 per month.  This salary, combined with her husband's monthly disability payments, comprises Kims' sole income.  Kim is fifty-six years old and immigrated to the United States from Korea.  She lives in a one-bedroom apartment with her husband, Howard Columbus James, and their adult son, Howard James III.  Their monthly rent is $1,400.  Kim also represents that she has not and cannot contribute any funds toward *her* costs of litigation; her attorneys have borne all costs.  According to the papers, the City of Santa Clara has an annual budget of $567,434,893, of which $45,706,014 is allocated to the Police Department.

## II.  LEGAL STANDARD & DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs."  Rule 54(d) imposes a presumption for awarding costs to prevailing parties and the losing party must demonstrate why costs should not be awarded.  *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999).  "[I]f a district court wishes to depart from that presumption, it must explain why." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (*quoting Assoc. of Mexican-Am. Educators v. California*, 231 F.3d 572, 592-93 (9th Cir. 2000)).

The Ninth Circuit has said that several factors may justify a deviation from the general rule favoring a cost award to the prevailing party.  These include a losing party's limited financial resources, *see Nat'l Org. for Women v. Bank of Cal.*, 680 F.2d 1291, 1294 (9th Cir. 1982); misconduct on the part of the prevailing party, *see National Info. Servs. v. TRW*, 51 F.3d 1470, 1472 (9th Cir. 1995); the importance and complexity of the issues, *Mexican-Am. Educators*, 231 F.3d at

593; the merit of the plaintiff's case, even if the plaintiff loses, *id.*; and the chilling effect on future civil rights litigants where high costs are imposed, *Stanley*, 178 F.3d at 1079.

Here, Kim presents four factors to rebut the presumption that defendants' requested costs should be awarded. She contends the case involves issues of substantial public importance, that she has extremely limited financial resources, that there is a great economic disparity between Kim and the city and Department, that the issues in her case were difficult and close, and that even though she did not ultimately prevail, her case had merit.

Kim argues her lawsuit serves the substantial public interest of "maintaining public trust" in law enforcement by checking police procedures. Lawsuits like hers, she points out, seek to ensure that officers do not abuse their authority and power. Defendants agree that Kim's lawsuit has undeniable personal importance, but argue that she overstates the degree of *public* importance. Defendants point to the rather "unique" factual scenario that occurred here—as they characterize the case, a "severely intoxicated individual . . . had stabbed and severely wounded two of his best friends and a police dog before attacking two police officers with a knife when he was shot"—and argue the situation is unlikely to repeat itself. Defendants point out that, in any event, Kim sought relief only on behalf of herself and her son and her case did not seek to benefit other plaintiffs directly.

These are not entirely persuasive arguments. While the exact circumstances that unfolded here are unlikely to be replicated with great precision, Kim points out that police officers commonly break down doors to reach unresponsive individuals. To this end, the public has an interest in ensuring that police officers perform such a task within constitutional bounds. Moreover, even a specific factual setting can shed light on the limits of police power, which most would agree is of substantial public importance. Moreover, courts in this district have reasoned that a claim may still serve the public interest even where brought by a single plaintiff. *See, e.g.*, *Washburn v. Fagan*, No. 03-00869, 2008 WL 361048 (N.D. Cal. Feb. 11, 2008) (denying costs under *Mexican-American*

No. C 09-0025 RS
ORDER

3

*Educators* in case brought by a single plaintiff alleging excessive force against the San Francisco Police Department).[1]

Turning to Kim's ability to pay the cost award, she clearly has extremely limited resources, even if she has not definitively demonstrated indigence in her papers. *See, e.g.*, *Stanley*, 178 F.3d at 1079-80 ("District courts should consider the financial resources of the plaintiff and the amount of costs in civil rights cases."); *Washburn*, 2008 WL 361048 at *2 (declining to award costs where plaintiff had demonstrated limited means, even if not actual indigence). What Kim has shown, though, is that she earns roughly $800 a month plus some amount from her husband's monthly disability payment. According to the papers, Mr. Kim has not been employed since 1999. The Kims do not own a home and pay $1,400 each month to rent an apartment. Even assuming her rent and basic needs did not swallow her yearly salary, it would not cover the cost award. Indeed, an award of costs here may well render Kim indigent. *See Stanley*, 178 F.3d at 1079-80 (giving weight to the possibility that the plaintiff "would be rendered indigent should she be forced to pay" the amount assessed against her); *Rivera v. NIBCO, Inc.*, No. 99-06443, 2010 WL 1173079, at *6 (N.D. Cal. Mar. 23, 2010) ("It is not necessary to find that the plaintiffs in question are currently indigent; rather, the proper inquiry is whether an award of costs might make them so.").

Plainly, there is great economic disparity between Kim's finances and the $45,706,014 budget allocated to the Santa Clara Police Department. Economic disparity matters here insofar as "imposition of . . . high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation." The cost award sought is not insignificant, at $11,598.14. It is high enough that it would actually serve as a disincentive to low-income plaintiffs with constitutional claims. *See, e.g.*, *NIBCO*, 2010 WL 1173079 at *8 ("For a low wage-worker, the threat of a $3,600 cost bill, representing approximately 14% of the annual income of [p]laintiffs, is a significant disincentive.").

The Ninth Circuit has also recognized that denial of "overwhelming costs" may be appropriate when "[t]he issues in the case are close and complex" and the plaintiff's position was

---

[1] Of course, the position a defendant advances may also serve the public interest. Here, defendants argue they should not be punished for defending constitutional police practices or encouraged to limit perfectly upright practices for fear of costly litigation.

"not without merit." *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593. Such was the case here. Even though Kim's claims ultimately did not survive summary judgment, they were not close to frivolous.

In light of Kim's finances, the possibility that such an award would chill the claims of low-income plaintiffs from presenting important constitutional claims, and the fact that Kim's claim presented a substantial question (even though she ultimately did not prevail), a cost award in excess of $11,000 would be inappropriate. Plaintiff's motion to preclude costs will therefore be granted.

IT IS SO ORDERED

Dated: 08/11/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE